# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| WILLIAM S. BURROUGHS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　Defendant. | CV 4:24-060 |

**ORDER**

Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss Plaintiff's second amended complaint. Dkt. No. 26. Plaintiff William Burroughs has responded in opposition, dkt. nos. 27, 31, 32, and the motion is ripe for review.

**PROCEDURAL BACKGROUND**

Plaintiff initiated this action on April 1, 2024. Dkt. No. 1. Plaintiff filed an amended complaint on April 12, 2024. Dkt. No. 6. On July 8, 2024, Wells Fargo filed a motion to dismiss, dkt. no. 12, and Plaintiff responded in opposition, dkt. no. 15. The Court denied Wells Fargo's motion, finding that Plaintiff's amended complaint was a shotgun pleading and giving him an opportunity to cure the deficiencies with a second amended complaint. Dkt. No. 18 at 3, 4. The Court warned Plaintiff that

his "failure [to amend] will result in dismissal of this action" and "his failure to clearly assert causes of action, as well as sufficient facts to support those causes of action, will result in dismissal of this case." Id. at 4.

After requesting and receiving an extension of time within which to comply with the Court's Order, dkt. nos. 21, 22, Plaintiff filed a second amended complaint, dkt. no. 25.  Wells Fargo has renewed its motion to dismiss, dkt. no. 26, wherein it argues that Plaintiff's second amended complaint "is less detailed than [his] prior Complaint" and "does not contain any request for relief" or allegations of fact to put Wells Fargo on notice of Plaintiff's claims, id. at 2.

**FACTUAL BACKGROUND**[1]

In the second amended complaint, Plaintiff alleges:

> Whenever I ask Wells Fargo to send me the paper work they would only send this Note for years.
>
> This does not mean anything if I never got any money from anybody and never paid on any of these loans.

Dkt. No. 25 at 1.  Attached to the second amended complaint is the Note Plaintiff references.  The Note reflects that Plaintiff took

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).  Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

2

out a $103,000 loan with Mid-Atlantic Financial Services, Inc. Id. at 2. The property address identified in the Note is 10 Saint Johns Avenue, Savannah, Georgia 31404, which is the address currently used by Plaintiff. Id. at 1, 2. Also attached to the second amended complaint is a letter dated August 30, 2019, from Wells Fargo to Plaintiff. Id. at 8. The letter states that Plaintiff completed a refinance with Mid-Atlantic Financial Services, Inc.[2] on November 8, 2005. Id. The letter states, "We have enclosed a copy of the Uniform Residential Loan Application, Truth-In-Lending Disclosure, U.S. Department of Housing & Urban Development Settlement Statement, and Note." Id. The letter further states that the "Settlement Statement discloses all the accounts that were paid off when the loan closed, all the expenses related to the loan, and the loan amount." Id. Plaintiff has written on the letter:

> I did not refinance any thing.
>
> I did not refinance anything with Mid-Atlantic [unintelligible].
>
> I never had any think [sic] with U.S. Dept. of Housing & Urban Development. I call them and there is no record. Wells Fargo lies, lies, lies.

Id. In a separate filing, Plaintiff writes, "I am filing a lawsuit for Theft, Fraud, Forgery." Dkt. No. 27 at 3. Plaintiff also

---

[2] In its motion to dismiss, Wells Fargo states that Mid-Atlantic Financial Services, Inc. is Wells Fargo's predecessor-in-interest. Dkt. No. 26 at 2.

3

states multiple times that Wells Fargo has "no paper work." See, e.g., Id. at 3, 7.  Plaintiff alleges his house was "paid off in 1977." Id. at 10.

## LEGAL STANDARD

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. Proc. 8(a)(2)).

The Court may consider exhibits attached to the complaint. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). The Court may also consider documents attached to a motion to dismiss if they are "central to the plaintiff's claim" and "authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).  Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Weiland, 792 F.3d at 1321. The two types most relevant here are complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and complaints that do "not separat[e] into a different count each cause of action or claim for relief." Id. at 1322-23.

Nowhere in Plaintiff's second amended complaint does he identify the causes of action he wishes to pursue. While the Court can glean that Plaintiff believes he did not enter into a loan agreement with Wells Fargo or its predecessor and he does not owe Wells Fargo any money, he does not identify any claims for relief. Even if the Court considers the separately filed document in which Plaintiff states he brings claims for theft, fraud and forgery, dkt. no. 27 at 3, Plaintiff fails to connect any facts to those causes of action. Certainly, the second amended complaint is devoid of "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc., 500 F.3d at 1282-83. Plaintiff's second amended complaint does not comply with either Rule 8(a)(2) or Rule 10(b) and does not put Wells Fargo on

notice of the claims Plaintiff asserts; the filing is therefore a shotgun pleading.

Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). Here, Plaintiff was given an opportunity to amend his first amended complaint. Dkt. No. 18 at 4. Further, Plaintiff was warned that his failure to clearly assert causes of action, as well as sufficient facts to support those causes of action, would result in dismissal of this case. Id. Because Plaintiff has failed to correct the deficiencies in his complaint, dismissal is appropriate. See Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008).

## CONCLUSION

Because Plaintiff's second amended complaint is, like his first amended complaint, a shotgun pleading, Wells Fargo's motion to dismiss, dkt. no. 26, is **GRANTED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 21st day of January, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA